## MARTIN v. MARTIN.

Court of Appeals of Kentucky.
Feb. 13, 1953.

C. R. Baker, Princeton, for appellant.
Edward H. Johnstone, Princeton, for appellee.

STANLEY, Commissioner.

The appellant, Mrs. Mildred Martin, had a rule for contempt issued against her divorced husband to recover custody of their two children, whom he had refused to return to her after a visit, and to have him obey the order of the court to pay her $50 a month for their care. In response, the father asked that the judgment be modified and he be given the children's custody. The court dismissed the rule and awarded the custody of the children to their father with the mother's right of visitation. She appeals.

The record contains only depositions of certain witnesses. There is no order showing other evidence was heard orally, but the briefs are in agreement that there was considerable testimony so heard and that is not made a part of the record. However, the court's opinion refers only to the witnesses who testified by deposi-

tion. The appellant contends that the presumption that the omitted testimony supports the judgment is not applicable for this reason and argues that the depositions do not sustain the finding of fact. We need not decide the point for, conceding it, we readily conclude that the evidence in the record does sustain the chancellor. It is better not to recite the story of the appellant's misconduct.

The judgment is affirmed.